UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARRINGTON MORTGAGE SERVICES, LLC, | CASE NO.  C18-1095-JCC |
| Plaintiff, | ORDER |
| v. | |
| KENNETH A. COUCH aka KEN A. COUCH and VALINDA COUCH aka VALINDA LEA COUCH, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's motion for default judgment (Dkt. No. 21). The Court has considered the motion and the relevant record and FINDS that:

(1) Defendants were properly served in this matter on or about August 9, 2018 (Dkt. Nos. 14, 16);

(2) The Clerk entered an order of default against Defendants on September 14, 2018 (Dkt. No. 19);

(3) Defendants have failed to appear or otherwise defend in this action; and

(4) The factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) support granting default judgment in Plaintiff's favor.

Accordingly, Plaintiff's motion for default judgment (Dkt. No. 21) is GRANTED in its

entirety. The Court ORDERS as follows:

## SUMMARY OF DEFAULT JUDGMENT

| | |
|---|---|
| Judgment Creditor | CARRINGTON MORTGAGE SERVICES, LLC |
| Judgment Debtor | KENNETH A. COUCH aka KEN A. COUCH and VALINDA COUCH aka VALINDA LEA COUCH, husband and wife |
| Attorneys for Judgment Creditor | Ryan S. Moore<br>Houser & Allison, APC<br>600 University St., Suite 1708<br>Seattle, WA 98101 |
| Amount of Principal Owed Through November 14, 2018 | $347,163.59 |
| Current Interest Rate | 6.5% |
| Amount of Interest Owed Through November 14, 2018 | $215,239.11 |
| Escrow Advances | $32,298.14 |
| Outstanding Corporate Advances | $3,063.63 |
| Late Charges | $9,345.32 |
| Attorney Fees | To be determined after sale pursuant to court order |
| **TOTAL JUDGMENT** | $607,109.79 |

Legal Description:

   PARCEL A: LOT 13 OF SURVEY, ACCORDING TO PLAT RECORDED IN
   VOLUME 8 OF PLATS AT PAGE(S) 37 AND 38, RECORDED UNDER
   RECORDING NO. 7808210356, IN SNOHOMISH COUNTY,  WASHINGTON,

SITUATED IN THE SOUTH HALF OF SECTION 14, TOWNSHIP 31 NORTH, RANGE 5 EAST, W.M.

PARCEL B: A NON-EXCLUSIVE EASEMENT FOR INGRESS AND EGRESS CREATED BY INSTRUMENT RECORDED UNDER RECORDING NO. 7810040308, IN SNOHOMISH COUNTY, WASHINGTON.

**JUDGMENT**

THIS MATTER came before this Court on Plaintiff Carrington Mortgage Services, LLC's ("Carrington" or "Plaintiff") motion for default judgment and supporting materials submitted thereto. The Court finds that default judgment on Plaintiff's judicial foreclosure claims is hereby ENTERED in favor of Plaintiff as against any and all rights, title, and interest of Defendants Kenneth A. Couch and Valinda Couch in the parcel of real property commonly known as 7930 190th Place NE, Arlington, WA 98223 (the "Property"):

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Court has jurisdiction of the parties, Carrington Mortgage Services, LLC, Kenneth A. Couch, Valinda Couch, and all other persons, parties, or occupants unknown claiming any legal right, title, lien, or interest in the property described in the complaint;

2. The legal description of the Property in the Deed of Trust recorded with the Snohomish County Auditor under recording number 200808290552, which incorrectly provides that the easement for the Property is located in Pierce County rather than Snohomish County, is reformed as follows:

//
//
//
//
//
//

PARCEL A: LOT 13 OF SURVEY, ACCORDING TO PLAT RECORDED IN VOLUME 8 OF PLATS AT PAGE(S) 37 AND 38, RECORDED UNDER RECORDING NO. 7808210356, IN SNOHOMISH COUNTY, WASHINGTON, SITUATED IN THE SOUTH HALF OF SECTION 14, TOWNSHIP 31 NORTH, RANGE 5 EAST, W.M.

PARCEL B: A NON-EXCLUSIVE EASEMENT FOR INGRESS AND EGRESS CREATED BY INSTRUMENT RECORDED UNDER RECORDING NO. 7810040308, IN SNOHOMISH COUNTY, WASHINGTON.

PARCEL NUMBER 310514-004-020-00.

3. The Deed of Trust encumbering the Property, bearing Snohomish County recording number 200808290552, is FORECLOSED;

4. The Plaintiff, having made proof of a sum certain, is awarded Judgment (the "Judgment") on the foreclosure on the Deed of Trust against Defendants as follows:

   a. The sum of $347,163.59 in principal owed through November 14, 2018;

   b. The sum of $215,239.11 for interest owed through November 14, 2018;

   c. The sum of $32,298.14 for escrow advances;

   d. The sum of $3,063.63 for outstanding corporate advances;

   e. The sum of $9,345.32 for late charges;

   f. The sum of $61.8237 per day after November 14, 2018, for post-judgment interest; and

   g. Attorney fees to be determined after the sale pursuant to the terms of the Deed of Trust.

## CARRINGTON'S SECURITY INTERESTS

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED THAT:

1. The respective amounts owing under this Judgment are secured by real property as follows: the full amount of the Judgment is secured by the real property described in the Deed of Trust recorded on August 29, 2008, as Instrument No. 200808290552 in the Official Records of Snohomish County.

1    2.  Plaintiff's security interests evidenced by the Deed of Trust are valid and enforceable.

2                              **DECREE OF FORECLOSURE**

3    IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED THAT:

4    1.  This order of foreclosure ("Decree of Foreclosure") provides for the award of a right,

5        title, or interest in the parcel of the Property, and legally described as follows:

6

7    PARCEL A: LOT 13 OF SURVEY, ACCORDING TO PLAT RECORDED IN
     VOLUME 8 OF PLATS AT PAGE(S) 37 AND 38, RECORDED UNDER
8    RECORDING NO. 7808210356, IN SNOHOMISH COUNTY, WASHINGTON,
     SITUATED IN THE SOUTH HALF OF SECTION 14, TOWNSHIP 31 NORTH,
9    RANGE 5 EAST, W.M.

10   PARCEL B: A NON-EXCLUSIVE EASEMENT FOR INGRESS AND EGRESS
     CREATED BY INSTRUMENT RECORDED UNDER RECORDING NO.
11   7810040308, IN SNOHOMISH COUNTY, WASHINGTON.

12   APN: 310514-004-020-00.

13   2.  Carrington is the holder of a promissory note ("Note") executed by judgment debtors

14       Kenneth A. Couch aka Ken A. Couch and Valinda Couch aka Valinda Lea Couch in

15       favor of Taylor, Bean & Whitaker Mortgage Corp.;

16   3.  The Note is a valid, binding, and enforceable obligation of Kenneth A. Couch aka

17       Ken A. Couch and Valinda Couch aka Valinda Lea Couch, and judgment creditor

18       Carrington is entitled to enforce it;

19   4.  Carrington is the current beneficiary under the Deed of Trust encumbering the

20       Property, recorded on August 29, 2008, as Instrument No. 200808290552 in the

21       Official Records of Snohomish County;

22   5.  Carrington's Deed of Trust is a valid, first, prior, and paramount lien upon the real

23       property above-described, prior and superior to any and all right, title, interest, lien, or

24       estate of Kenneth A. Couch aka Ken A. Couch and Valinda Couch aka Valinda Lea

25       Couch, or any of them, or of anyone claiming by, through, or under them in and to

26       said real property, and the same is hereby foreclosed, and the whole thereof, and on

1  and including all improvements, easements, appurtenances, and fixtures now or

2  hereafter a part of the Property; and on all other interest of Kenneth A. Couch aka

3  Ken A. Couch and Valinda Couch aka Valinda Lea Couch related to that real

4  property described in the Deed of Trust, as security for the payment of the Note and

5  the Judgment set forth above;

6     6. The real and personal foreclosed Property is hereby ordered to be sold by the Sheriff

7       of Snohomish County, Washington, on such date as may be requested by Carrington,

8       and in the manner provided by law and in accordance with the practice of this Court

9       and the courts in the State of Washington, and the proceeds of such sale should be

10       applied toward the payment of the Judgment rendered herein in favor of Carrington,

11       together with interest, any costs, increased costs or sale, any advances that Carrington

12       may be required to pay after the entry of Judgment herein for taxes, assessments,

13       other items constituting liens against the Property, insurance and/or repairs for the

14       protection of the Property;

15     7. The Sheriff of Snohomish County is authorized to break and enter any enclosed

16       structure, dwelling or premises in order to carry out the terms of this Judgment and

17       Decree of Foreclosure, and is further authorized to sell any individual parcels of the

18       Property in one combined lot;

19     8. Carrington is granted the right to become the bidder at the sale of the real property

20       described above, using and applying for its bid the amount of its Judgment or any

21       portion thereof entered herein, and is granted the right to become the purchaser at any

22       sale;

23     9. Any surplus remaining after the proceeds of the Sheriff's Sale have been applied as

24       set forth above shall be deposited into the Registry of the Court for further

25       disposition, and Carrington shall provide written notice to all parties who have

26       appeared in this action at the time such funds are deposited with the Court;

10. All right, title, claim, or interest of Kenneth A. Couch aka Ken A. Couch and Valinda Couch aka Valinda Lea Couch, and any and all of the persons claiming by, through, or under them, subsequent to the execution and recording of the Deed of Trust, is inferior and subordinate to Carrington's lien on the Property and is forever barred and foreclosed from any and all right, title, interest, lien, or estate in and to said real property, or any part thereof, save only such rights or redemption as are provided by law;

11. Any and all persons claiming any right, title, interest, lien, or estate in and to the Property, or any part thereof, subsequent to August 29, 2008, the date of the recording of Carrington's Deed of Trust, which is foreclosed herein, are hereby foreclosed of any such right, title, interest, lien, or estate as against Carrington in this action or any successor thereto; that all right, title and interest in and to any policy of hazard insurance insuring the said premises shall pass to the purchaser at such Sheriff's Sale at the time of such sale;

12. That the period of redemption from such Sheriff's Sale be, and the same is hereby, fixed at 8 months next ensuing after said sale;

13. There shall be added to Carrington's Judgment all interest payments that come due between the date of this order and the date of the Sheriff's Sale, as well as all sums advanced under the terms of the Note and Deed of Trust for taxes, assessments, municipal charges, and property insurance between the date of this order and the date of the Sheriff's Sale;

14. This Judgment and Decree of Foreclosure shall be considered a judgment and may be recorded as such under applicable law.

IT IS SO ORDERED.

//

//

DATED this 13th day of November 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE